Morales, Peticionario y Apelante, *v.* Romeu, Opositor y Apelado.

Apelación procedente de la Corte de Distrito de Mayagüez en procedimiento sobre declaratoria de herederos.

No. 1819.—Resuelto en enero 14, 1919.

Filiación—Heredero—Pruebas.—El apelado ofreció como prueba sin oposición alguna una sentencia dictada por corte de jurisdicción competente que lo declaraba como tal hijo legítimo según alegaba ser y el apelante entonces tuvo la oportunidad de oponerse a su admisión, lo que no hizo. *Se resolvió:* que puesto que dicha sentencia no fué atacada ya directamente, o en el juicio, era obligatoria para todas las partes en este procedimiento y que es la ley

de este caso que el apelado era medio hermano del intestado y por tanto su
heredero.

ID.—ID.—Habiéndose probado que ·el apelado era heredero del intestado, el ape-
·lante como heredero de la viuda del intestado no tenía derecho a impugnar
la sentencia apelada.

ID.—ID.—HONORARIOS DE ABOGADO.—El apelante hizo una doble petición, parte de
la cual fué declarada con lugar, y no carecía enteramente de justificación al
creer que tenía él un derecho sobre los bienes del intestado; no hubo, pues,
gran culpa de su parte y no debió haber sido condenado al pago de honora-
rios de abogado.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Luis Montalvo Guenard.*

Abogado del apelado: *Sr. Angel A. Vázquez.*

EL JUEZ ASOCIADO SR: WOLF, emitió la opinión del tri-
bunal.

El apelante, Pedro Enrique Morales y Garcés, presentó
una petición a la Corte de Distrito de Mayagüez, pidiendo
que Aurora María Morales y Garcés, viuda, fuese declarala
única y universal heredera de José Romeu y Giacomaggi, su
marido, y que tanto el peticionario como otras personas por·
él mencionadas fuesen declarados los únicos herederos de la
citada Aurora María Morales y Garcés. En otras palabras,
el peticionario y otros interesaban se les declarase herederos
de la viuda y luego, en representación de ella, que se decla-
rase a ella heredera de otra persona.

Respondiendo a la citación por edictos, el apelado compa-
reció ante la corte y sostuvo que él y otros parientes más
eran los herederos y medio-hermanos de José Romeu y Gia-
comaggi.

El caso se llevó a juicio. El apelado compareció y pre-·
sentó su prueba, pero el apelante ni compareció a la vista
ni presentó prueba alguna.

La corte dictó sentencia declarando al apelado y a sus
parientes herederos de José Romeu y Giacomaggi, y también
declarando al peticionario y otros, herederos de Aurora María
Morales y Garcés.

Una de las cuestiones principales planteadas por el ape-
lante es la de que ni el apelado ni ninguno de sus·mencio-

nados parientes estaban inscritos en el registro civil, y que por lo tanto les era necesario empezar por una acción de filiación, aun cuando fuesen todos hijos legítimos. El apelante admite que en el juicio el apelado, Francisco Romeu Rivera, ofreció en evidencia un pleito de filiación en el que se le declaraba hijo legítimo de su padre, siendo el último a su vez padre de José Romeu y Giacomaggi, cuya sucesión y herencia se discute en el presente caso. Por tanto, el mencionado Francisco Romeu es un medio-hermano del citado José Romeu. El apelante mantiene, sin embargo, que en efecto ese pleito fué el producto de una transacción habida entre Francisco Romeu y sus hermanas, que fueron nombradas como demandadas en dicho pleito de filiación. El apelante insiste en que ese pleito de filiación y la sentencia que le puso término, dadas las circunstancias concurrentes en este caso, a nadie obligan, por cuanto las mencionadas hermanas demandadas carecían de estado civil. En otras palabras, no se hallaban inscritas en el registro civil.

Una cosa sobresale, y ella es que el apelado presentó como prueba, sin oposición alguna, una sentencia de una corte competente declarándole hijo legítimo conforme a su pretensión. Esa sentencia fué ofrecida como prueba en otro juicio solemne, en el que el apelante tuvo una oportunidad de comparecer y oponerse a su admisión. Semejante objeción pudo o no prevalecer. Se hace ocioso decidir esa cuestión. Pero mientras permaneciese esa sentencia sin ser impugnada, ora directamente o en el acto del juicio, ella obligaba a todas las partes en este procedimiento. Es ley de este caso que Francisco Romeu es medio-hermano de José Romeu y Giacomaggi y por consiguiente heredero de éste.

Puesto que se probó en este procedimiento que Francisco Romeu es heredero de José Romeu, el apelante como heredero de la viuda, carece de ulterior interés o derecho a impugnar la sentencia de la Corte de Distrito de Mayagüez. La cuestión de si los parientes de Francisco Romeu tenían o no

derecho a ser declarados herederos en unión de éste sólo a él le concierne y no al apelante. Si carecieran de estado civil los parientes de Francisco Romeu solamente él tendría derecho a ser declarado heredero.

Por lo tanto se hace innecesario decidir, y la cuestión no fué planteada ante la corte inferior, si el carácter de heredero de los parientes de Francisco Romeu podía o no probarse mediante prueba testifical, como trató de hacerse en el acto del juicio en este caso.

No habremos de decidir en esta apelación si puede o no presentar una persona una petición interesando la declaración de herederos sin que tenga su estado civil inscrito en el registro civil, porque no estamos satisfechos con los argumentos que se han aducido en este caso.

Otros errores han sido discutidos por el apelante en su alegato, pero no han sido específicamente señalados y los estimamos sin importancia alguna, con la excepción del que se relaciona con las costas y honorarios de abogado. El apelante presentó una doble petición, parte de la cual prevaleció, y además, no estuvo enteramente huérfano de justificación al creer que tenía algún derecho en la herencia de José Romeu y Giacomaggi. Dadas todas las circunstancias, no encontramos un alto grado de culpa en su contra y por tanto creemos que no debieron concederse los honorarios de abogado.

Es de confirmarse la sentencia pero sin condena de honorarios de abogado.

> *Confirmada la sentencia apelada, pero revocada en cuanto al pronunciamiento que condena al apelante en costas, desembolsos y honorarios de abogado del opositor.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados del Toro, Aldrey y Hutchison.